# In the United States Court of Federal Claims

No. 22-441

(Filed: October 17, 2022)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| NANCY J. SHUPING, *by and through Conservator and next of kin, Meghan J. Sullivan,* | * * * * * |
| Plaintiff, | * * |
| v. | * * |
| THE UNITED STATES, | * * |
| Defendant. | * * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

**DAMICH**, Senior Judge

On April 11, 2022, Meghan J. Sullivan (formerly Meghan J. Shuping) filed a Complaint with this Court, proceeding *pro se* as Conservator for her mother, Nancy J. Shuping ("Plaintiff"). Plaintiff's complaint alleges a breach of contract against the United States in connection with benefits under the Federal Employee Group Life Insurance ("FEGLI") Act. Plaintiff seeks to void changes she made to her FEGLI policy in September 2019, on the basis that she lacked the mental competency to make such changes, and she requests waiver of unpaid deductions from September 2019 to present. Compl. at 2-3. Additionally, Plaintiff requests that Defendant "submit an amount equal to the uncollected deductions for deposit in [Ms. Shuping's] Life insurance Fund." *Id.* at 3. Plaintiff claims that she was unable to understand the nature and consequences of her actions when she changed her life insurance elections in 2019 due to the Alzheimer's diagnosis. Compl. at 2. Plaintiff asks this Court to issue an order: (1) voiding her September 2019 election to reduce the amount of her life insurance; (2) directing the Office of Personnel Management ("OPM") to waive the unpaid premiums, and (3) directing OPM to make corresponding deposits for the unpaid premiums into her life insurance account.

Defendant moves for a dismissal of the complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") on the grounds that there is no contractual relationship between Plaintiff and the United States for life insurance

1

benefits, and Plaintiff does not claim that Defendant breached any limited duty owed under the FEGLI Act.[1]

Plaintiff filed her Response on October 6, 2022. The Court has determined that it is unnecessary to wait for the Government's Reply and for the reasons given below, the Court holds that Plaintiff's complaint falls outside this Court's jurisdiction. The Court concludes, however, that the case is appropriate for transfer to a court with jurisdiction.

### I. Background[2]

While employed with the Social Security Administration ("SSA"), on August 20, 2019, Plaintiff signed Standard Form 2818, Continuation of Life Insurance Coverage, electing Basic-Option A Life Insurance, and declining Option B-Additional Optional Insurance. ECF No. 14-1 at 1. On September 10, 2019, Plaintiff signed Standard Form 2817, FEGLI Life Insurance Election, again electing to decrease her life insurance coverage from Option B at five times her annual salary to Basic - Option A at one times her annual salary. ECF No. 1 at 2; ECF No. 14-1 at 2. Thereafter, on December 20, 2019, Plaintiff retired from Federal service with the Social Security Administration. ECF No. 14-1 at 5-6. Her Form 50B, Notification of Personnel Action, Voluntary Retirement, reflected that Plaintiff retired with Option A coverage. *Id.* at 6.

Almost two months after Plaintiff signed Form 2817, changing her life insurance elections, a Chancery Court in Tennessee issued an order appointing Ms. Sullivan, Plaintiff's daughter and beneficiary of Plaintiff's life insurance policy, as Limited Conservator of the Person of Plaintiff. ECF No. 1-2; ECF No. 14-1 at 4, 52. The conservatorship order also appointed Ms. Stacey Neisler, attorney at law, as the Limited Conservator of the Property of Plaintiff. ECF No. 1-2.

---

[1] Defendant further asks this Court to issue a show cause order, requiring Plaintiff to provide proof that she meets the requirements for bringing a suit of this nature on behalf of Plaintiff pursuant to RCFC 17(c)(1)(C). For the reasons set forth in this opinion, the Court need not address this issue.

[2] The background draws information from Plaintiff's complaint and Defendant's appendix attached to its Motion to Dismiss. The appendix consists of FEGLI documents Ms. Shuping discusses in her complaint. Compl. at 2. The Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)[(1)] motions to dismiss, in particular, documents incorporated into the complaint by reference [. . .]." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007)). The Court "may consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State For Defense v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

2

On May 26, 2020, Ms. Sullivan requested that OPM revert Plaintiff's life insurance policy back to the terms that existed prior to the changes made in September 2019 due to alleged mental incompetency at the time Plaintiff made her September 2019 elections. ECF No. 14-1 at 52. On August 17, 2020, OPM issued an initial decision, informing Ms. Sullivan, as representative payee and conservator, that she was not permitted to make changes to Plaintiff's life insurance policy. *Id.* at 45.

On September 10, 2020, Ms. Sullivan requested that OPM reconsider its initial decision. *Id.* at 42. On November 5, 2020, OPM affirmed its initial decision, explaining the "request to increase the coverage of Plaintiff's FEGLI to its original state prior to the September 2019 election is considered under law a 'personal right' that neither a court appointed guardian nor representative payee (like yourself) are allowed to take." *Id.* at 40. On July 13, 2021, OPM rescinded the letter dated November 5, 2020, again affirmed the initial decision, and apprised Ms. Sullivan that she had "a right to appeal th[e] decision to the appropriate Federal district court" within 30 days. *Id.* at 38.

Thereafter, Ms. Sullivan appealed to the Merit System Protection Board ("MSPB"), and OPM moved to dismiss the appeal for lack of jurisdiction pursuant to 5 U.S.C. § 8716. *Id.* at 27, 33. On December 10, 2021, the board dismissed the appeal because it lacked "jurisdiction over disputes related to FEGLI coverage." *Id.* at 7. Additionally, the board found, "as stated in OPM's reconsideration decision, jurisdiction over such claims resides in the federal courts." *Id.* On April 11, 2022, Ms. Sullivan then filed her complaint with this Court proceeding *pro se* as Conservator for Plaintiff.

## II. Standard of Review

It is well-established that subject-matter jurisdiction is "a threshold question that must be resolved . . . before proceeding to the merits" of a claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998). In weighing a motion to dismiss for lack of subject-matter jurisdiction, the Court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in [the] plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). When a party is acting *pro se*, courts generally accord the party greater leeway than if he or she had professional representation. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"); *Forshey v. Principi*, 284 F.3d 1335, 1337 (Fed. Cir. 2002).

## III. Discussion

Defendant argues that Plaintiff's complaint should be dismissed because the Court does not possess jurisdiction to entertain Plaintiff's claim to void her September 2019 election for life insurance benefits. Plaintiff contends that if the only contractual relationship that exists is between Plaintiff and MetLife, then the case should be transferred to a court that has subject matter jurisdiction. The Court agrees with the Government that this Court lacks jurisdiction to hear Plaintiff's complaint. In these

circumstances, however, the Court is satisfied that it is in the interest of justice that Plaintiff's complaint be transferred to a court with jurisdiction.

### A. The Court Lacks Jurisdiction To Hear Plaintiff's Complaint Because Plaintiff Does Not Allege Defendant Breached A Duty Owed Under The FEGLI Act

Plaintiff alleges that because Plaintiff was unable to understand the nature and consequences of the changes she made to her life insurance policy, that the United States breached its contract by failing to provide her with Option B Life Insurance at five times her annual salary. The FEGLI Act, however, "only requires the Government to ensure the procedural steps are available to obtain insurance through an independent, third party insurer," such as the insurer in this case, the Metropolitan Life Insurance Company, Inc. ("MetLife").[3] *Champlin v. United States*, 2021 U.S. Claims LEXIS 3111*, at *5 (Judge Eric G. Bruggink). Thus Defendant does not have a legal duty to inquire as to the mental capacity of any person seeking to reduce or waive life insurance coverage, as this would essentially enlarge Defendant's role beyond what Congress intended when creating the FEGLI program. *See Kimble v. United States*, 345 F.2d 951, 952 (D.C. Cir.1965).[4]

Because Plaintiff does not allege that Defendant has breached any of its legal duties under the FEGLI Act, the Court does not possess jurisdiction to entertain her breach of contract claim. *See Jacobs v. United States*, 794 F. Supp. 509, 511 (S.D.N.Y. 1992) (holding that, because the United States is not the insurer under the FEGLI Act, "[a]ctions in law or equity to recover on an insurance policy, in which there is not alleged any breach of any obligation undertaken by the United States shall be brought against the insurance company")). Instead, her claim can only be maintained against MetLife, the company that issued the policy, and not against the United States, which is only the policyholder. *See White v. United States*, 2010 WL 11602596, at *2 (S.D. Fla. 2010).

### B. This Court lacks Jurisdiction as Plaintiff Does Not Allege Money Damage Due

---

[3] Under 5 U.S.C. § 8709, OPM is authorized to purchase insurance from a private insurer and must ensure that such a company establishes an administrative office. It appears that here, OPM authorized MetLife to provide life insurance for covered employees. MetLife thereafter established an office, known as the Office of Federal Employees' Group Life Insurance ("OFEGLI"), which is responsible for administering claims made under the FEGLI program. 5 U.S.C. § 8709(b). OPM regulations make clear that "[a]ny court action to obtain money due from this insurance policy must be taken against [OFEGLI]," not Defendant. 5 C.F.R. § 870.102.

[4] The duties imposed on the United States by the FEGLI Act, 5 U.S.C. § 8715 as interpreted by courts have generally been held to be only ministerial in nature. *See Graber v. Metropolitan Life Ins. Co.*, 855 F. Supp. 2d 673, 678 (N.D. Ohio 2012) ("the only legal duty imposed on the United States under [the Act] is to ensure that the correct FEGLI policy is negotiated and issued.").

Further, Defendant correctly argues that the Court lacks jurisdiction to grant Plaintiff's request for relief because she does not allege "presently due" money damages. The Tucker Act only grants the Court jurisdiction over claims for monetary damages that are "presently due." *United States v. King*, 395 U.S. 1, 4 (1969) ("[C]ases seeking relief other than money damages from the [United States] Court of Claims have never been 'within its jurisdiction.'"); *see also Ransom v. United States*, 900 F.2d 242, 244 (Fed. Cir. 1990) ("[t]o maintain a cause of action pursuant to the Tucker Act that is based on a contract, the contract must be between the plaintiff and the government and entitle the plaintiff to money damages in the event of the government's breach of that contract.").

Plaintiff only seeks equitable relief: she requests that her prior FEGLI election should be reinstated, the September 2019 changes be declared void, any past-due premiums be waived, and that OPM be directed to place the amount of unpaid premiums into Plaintiff's life insurance fund. ECF No. 1 at 3.[5] Even if Plaintiff did seek money damages, the alleged damages would not be "presently due." Plaintiff is not deceased and thus there is no current obligation for her FEGLI life insurance proceeds to be paid to the designated beneficiary of the policy. In sum, Plaintiff has not identified any money "presently due" from the United States.

### C. The Case is Appropriate to Transfer

28 U.S.C. § 1631 states that a federal court which finds it lacks jurisdiction over an action "shall, if it is in the interest of justice, transfer such action . . . to any other court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. It appears that Plaintiff's claim, at the time it was filed, could have been brought in the United States District Court for the Middle District of Tennessee, because that court

---

[5] As support for her requested relief, Plaintiff cites to 5 U.S.C 8707(d). It provides:

> If an agency fails to withhold the proper amount of life insurance deductions from an individual's salary, compensation, or retirement annuity, the collection of unpaid deductions may be waived by the agency if, in the judgment of the agency, the individual is without fault and recovery would be against equity and good conscience. However, if the agency so waives the collection of unpaid deductions, the agency shall submit an amount equal to the sum of the uncollected deductions and related agency contributions required under section 8708 of this title to the Office for deposit to the Employees' Life Insurance Fund.

This statute, however, does not apply to Plaintiff's complaint because Plaintiff does not claim that the SSA or OPM failed to withhold the correct amount of life insurance deductions from her salary. Further, even if the statute applied, Plaintiff has not identified a legal right to waiver of fees beyond the agency's discretionary authority to grant such a request.

has jurisdiction over this action. Thus, the Court will transfer this action to the United States District Court for the Middle District of Tennessee.

## IV. Conclusion

Because this Court concludes that Plaintiff's complaint is not within the subject matter jurisdiction of the Court, the Clerk is directed to transfer the case to the United States District Court for the Middle District of Tennessee, in accordance with this opinion and order. No costs.

**IT IS SO ORDERED.**

s/ Edward J. Damich<br>
EDWARD J. DAMICH<br>
Senior Judge